# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00586-KDB

| | |
|---|---|
| VERA BOLLTEN,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff Vera Bollten's Motion for Summary Judgement (Doc. No. 22) and the Commissioner's Motion for Summary Judgement (Doc. No. 28), as well as the parties' accompanying briefs. Ms. Bollten seeks judicial review of an unfavorable administrative decision on her application for disability insurance benefits under the Social Security Act.

Having carefully reviewed and considered the written arguments, administrative record, and applicable authority, the Court finds that the Commissioner's decision to deny Plaintiff social security benefits is supported by substantial evidence. Accordingly, the court will **DENY** Plaintiff's Motion for Summary Judgment; **GRANT** Defendant's Motion for Summary Judgement; and **AFFIRM** the Commissioner's decision.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

## I. BACKGROUND

Ms. Bollten filed her application for a Title II period of disability and disability insurance benefits on May 18, 2018, alleging disability beginning June 5, 2016. (Tr. 15).[2] Her claim was initially denied on September 27, 2018 and upon reconsideration on February 8, 2019. (Tr. 15). Ms. Bollten timely requested a hearing before an Administrative Law Judge ("ALJ") and testified before a hearing held with ALJ Randall D. Huggins presiding on December 3, 2019. *Id.* Judge Huggins returned an unfavorable decision on January 15, 2020. *Id.* at 16. Ms. Bollten requested review of the ALJ's decision with the Appeals Council ("AC"). The AC denied review. *Id.* at 5. The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Bollten has timely requested review in this Court pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ used the required five-step sequential evaluation process established by the Social Security Administration to determine if Ms. Bollten was disabled during the relevant period.[3] "Disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). At step one, the ALJ found that Ms. Bollten had not engaged in substantial gainful

---

[2] Citations to the administrative record filed by the Commissioner are designated as "Tr."

[3] The ALJ must determine the following under the five-step sequential evaluation: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)–(g) and 404.1520(a)–(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite the claimant's limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

activity since the alleged onset date of June 5, 2016. (Tr. 21). At step two, the ALJ found that Ms. Bollten had the following severe impairments: obesity, s/p bilateral knee arthroplasties, lumbar degenerative disc disease, type II diabetes mellitus, right shoulder pain, and sleep apnea. *Id.* at 22. The ALJ considered Ms. Bollten's impairments under the listings in 20 C.F.R. §§ 404.1520(d), 404.1525–26 at step three and found that they do not meet or medically equal any listing. *Id.*

At step four, the ALJ found that Ms. Bollten has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following restrictions:

> Except [the claimant] could occasionally push and pull, she could occasionally climb ramps and stairs, she should never climb ladders/ropes/scaffolds, she could occasionally balance, stoop, kneel, crouch and crawl, and she should avoid concentrated exposure to unprotected heights and moving mechanical parts.

*Id.* at 22–26. Based on this RFC and the testimony of the Vocational Expert ("VE"), the ALJ found that Ms. Bollten was capable of performing past relevant work as a college or university business manager and financial aid officer. *Id.* at 26–27. Accordingly, the ALJ determined that Ms. Bollten was not disabled under the Social Security Act. *Id.* at 27.

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA,* 699 F.3d 337, 340 (4th Cir. 2012)*; Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v.*

*Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020)*; Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith,* 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Ms. Bollten contends that the ALJ's findings that she could perform her past work as generally performed was not supported by substantial evidence. Additionally, she argues the ALJ failed to properly evaluate whether her back pain and the exacerbating effect that her morbid obesity would have on that pain would affect her ability to focus and concentrate.

The ultimate question before the ALJ was whether Ms. Bollten became disabled at any time. The Court has conducted a careful but limited review of the ALJ's decision consistent with its role as a reviewing court as described above and finds that the ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence. More specifically, the Court finds there is substantial evidence to support the ALJ's conclusion that Ms. Bollten's past jobs were not composite jobs. A composite job is one that has "significant elements of two or more occupations and, as such, [has] no counterpart in the DOT." SSR 82-61, 1982 WL 31387, at *2. Ms. Bollten argues that because her past work had "extra duties," which included "occasionally" lift as much as 50 pounds, (Tr. 192), they qualify as composite jobs. However, these "extra duties" or her inability to perform them do not necessitate a finding that the jobs were composite but only requires that the ALJ find she could perform her past work as "generally performed" and not "actually performed," which is exactly what the ALJ did. (Tr. 22). As the Commissioner persuasives argues, tasks such as carrying office supplies within an office or paperwork and books between offices is entirely consistent with almost all office jobs and does not require the finding of a composite job. Additionally, the ALJ properly weighed and considered Ms. Bollten's backpain, including the effect her obesity would have on it, and how that could affect her ability to perform her past work. The ALJ specifically noted that he had considered it and that he had imposed limitations to account for the effect that her obesity had on her ability to perform strenuous activities (Tr. 21). Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 22) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 28) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

Signed: October 14, 2021

Kenneth D. Bell
United States District Judge